Commonwealth *v.* Lucas, Appellant.

Argued September 28, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

W. H. Coleman, with him Meyer Umansky, for appellant.

Earl R. Jackson, Assistant District Attorney, with him Russell H. Adams, District Attorney, for appellee.

OPINION BY KELLER, P. J., October 28, 1942:

The appellant, an adult man, was convicted of an indecent assault on a girl twelve years old. The assault consisted of grossly indecent liberties taken, or attempted to be taken by him, while the girl was riding with him on the front seat of his automobile. While doing the acts complained of with one hand, he drove the car with the other. Two other girls, about the same age, were in the back seat of the automobile at the time. The defendant's home was close by the homes of all the girls, and he admitted that he was accustomed to play with them in the evenings.

The main witness for the Commonwealth was the girl herself. She said he took liberties with her twice— once on the way from his home to his workshop, and again, on his way back from the shop, just before stopping at Isaly's for ice cream. We need not describe the occurrences beyond stating that they were of such a nature that they could not possibly have been done innocently or by mistake.

The girl resented his first act, and when they arrived at his workshop, she told her two friends about it, and she picked up a billet of wood, which she found there, to "hit him over the head" if he molested her again. On the way back, she said, he attempted to take liberties with her person, and she hit him on the head with the stick of wood. One of her girl friends testified on the trial that the defendant drove his car *with one hand* so recklessly as to frighten her, and that she had seen her friend hit him with the stick on their way back.

The appellant assigns three grounds for reversing the judgment of sentence following the verdict of guilty.

(1) He claims the evidence was insufficient to convict him. The verdict must rest on the testimony of the abused girl. The able and experienced trial judge who heard her testimony and that of the defendant appellant, felt satisfied that she told the truth. He said: "So far as the weight of the evidence is concerned, we are of the opinion that the verdict ought not to be disturbed. The testimony of the two sides was directly in conflict and the jury was warranted in accepting the Commonwealth's version of the facts." On this feature of the case, an appellate court must rely largely on the considered judgment of the lower court.

(2) Appellant complains because the trial judge, at one point in his instructions to the jury, made reference to defendant's "explanation of the fact that the little girls have brought this charge against the defendant when it was not true, according to the contention of the defendant". As neither of the girls "brought the charge" against the defendant—the prosecutor was the inspector of detectives of the city—it was evident that he was referring to their testimony on the trial, in which the one girl charged him with the two 'assaults' and the other corroborated her friend as to certain particulars of her story, although she did not see either 'assault'. The opinion of the court in banc, written by the trial judge correctly disposes of this complaint, as follows:

"Excerpts referred to by counsel for the defendant, taken alone and without the background of the evidence, which it is noted was very brief, might possibly indicate that the trial judge was treating the testimony of the second girl as corroborative at all points with that of the first, although that is not necessarily so. But when the charge is read as a whole in the light of the testimony of the two witnesses, then it is perfectly clear that what was referred to was corroboration at the point or points where such was the fact. Moreover,

it was the duty of counsel for the defendant at the conclusion of the charge, if he considered that any references to testimony were inaccurate, to call the trial judge's attention thereto so that correction could be made. This was not done. At page 31 [30a] the following appears:

'The Court (to counsel): Is there any request for additional charge or any corrections? (No response from either side).'

"It was for the reasons herein set forth that we refused the motion for a new trial and sentenced the defendant."

(3) Appellant further complains because the trial judge, in his charge to the jury, said:

"You are to take full account of what he [defendant] has told you and then decide what witness or witnesses have given you the facts. Of course, if the defendant has told the truth, then the little girls have not; and the other, the contrary holds. So you are confronted, as jurors are always confronted, with the necessity of sifting out the truth from falsehood in the case and you are called upon to decide whether one or another of the witnesses have been inaccurate, whether due to deliberate falsehood or for some other reason, mistaken maybe. I would be sure, however, that in this case it would not be a case of mistake. The little girls have either made up out of whole cloth something that is fictitious, completely so, or they have told you the truth; and the defendant in his denial has spoken the truth or he has deliberately told you what was false. I do not think there is any escape from the conclusion that one or the other side has deliberately told you what was false."

While ordinarily it is not wise for a trial judge to tell the jury that one side or the other has deliberately testified to what is false, we think the peculiar circumstances of this case warranted the instruction. For as

before pointed out, the liberties taken or attempted to be taken by the defendant with this girl, if they occurred, were of such a nature that no possible innocent construction could be placed upon them, nor could they have been the result of chance or mistake.

The assignments of error are overruled and the judgment is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be committed by the court until he has complied with his sentence or any part of it which had not been performed at the time his appeal was made a supersedeas.